Vanessa Best, Doing Business as PRECISION HEALTH CARE CONSULTANT, Appellant,
against
Progressive Physical Therapy of New York, P.C. and RICHARD LEICHTER, Respondents.



Appeal from a judgment of the District Court of Suffolk County, Second District (David A. Morris, J.), entered January 8, 2014. The judgment, insofar as appealed from, after a nonjury trial, dismissed plaintiff's cause of action.




ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
In this small claims action to recover the principal sum of $5,000 for services rendered, plaintiff appeals from so much of a judgment of the District Court as, after a nonjury trial, dismissed plaintiff's cause of action, upon a finding that plaintiff had failed to establish damages.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Here, the District Court, in finding that plaintiff had failed to establish damages, apparently found the defense witness's version of the events to be more credible than plaintiff's, and we find no reason to disturb the court's implicit determination in this regard. Consequently, substantial justice has been done between the parties (see UDCA 1804, 1807).
Accordingly, the judgment, insofar as appealed from, is affirmed.
Marano, P.J., Tolbert and Garguilo, JJ., concur.
Decision Date: March 23, 2016