Bernadin Bayonne, Appellant, 
against
Advance Auto Parts, Respondent.



Appeal from a judgment of the Justice Court of the Town of Clarkstown, Rockland County (Scott B. Ugell, J.), entered January 6, 2015. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover for damage to his vehicle's engine. He alleges that the damage was the result of defendant's selling him the wrong automobile liquid additive, which, when plaintiff used it, caused his car's engine to cease functioning. After a nonjury trial, the Justice Court dismissed the action. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). In the case at bar, the record establishes that plaintiff used the purchased product incorrectly. 
As the court's determination provides the parties with substantial justice (see UJCA 1804, 1807), the judgment is affirmed.
Iannacci, J.P., Marano and Tolbert, JJ., concur.
Decision Date: May 05, 2016