Eugene M. Wilson, Appellant, 
against
Bart Silverman, D.M.D., and Michael Graffeo, Respondents.



Appeal, on the ground of inadequacy, from a judgment of the Justice Court of the Town of Clarkstown, Rockland County (Scott B. Ugell, J.), entered October 16, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $32.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $500 as the alleged value of a gold crowned tooth that was extracted from his mouth and was not returned to him upon his request. After a nonjury trial, the Justice Court awarded plaintiff the principal sum of $32. Plaintiff appeals on the ground of inadequacy.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). In the case at bar, the record establishes that although plaintiff failed to establish his damages, defendants conceded that the precious metal on the tooth was worth approximately $32. Consequently, the court's award of $32 in favor of plaintiff provided the parties with substantial justice (see UJCA 1804, 1807).
Accordingly, the judgment is affirmed.
Brands, J.P., Marano and Tolbert, JJ., concur.
Decision Date: October 21, 2016