Tieji Yang, Appellant,
against
Mo Chiang, Respondent.




Tieji Yang, appellant pro se.
Mo Chiang, respondent pro se.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered October 28, 2015. The judgment, insofar as appealed from, after a nonjury trial, dismissed plaintiff's cause of action.




ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this small claims action to recover his security deposit in the sum of $1,280, and defendant counterclaimed to recover the sum of $2,400 for property damage to the apartment. After a nonjury trial, the Civil Court dismissed plaintiff's cause of action, finding that defendant was owed the sum of $1,280 as rent for the month of March 2014 because defendant had needed approximately 30 days to make repairs to the premises after plaintiff had moved out on March 1, 2014. As a result, the court set off the March rent against plaintiff's claim for the security deposit. The court also found that defendant had failed to prove any property damage caused by plaintiff and dismissed defendant's counterclaim. Plaintiff appeals from so much of the judgment as dismissed his cause of action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony [*2]and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). 
Plaintiff, a month-to-month tenant, testified that he vacated the premises on March 1, 2014. Thus, plaintiff owes defendant rent for the entire month of March 2014, since a month-to-month tenant who vacates during the month is generally liable, absent an agreement to the contrary, for the entire month's rent (see Hickey v Trahan, 50 Misc 3d 138[A], 2016 NY Slip Op 50722[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; Smith v Woodson, 31 Misc 3d 143[A], 2011 NY Slip Op 50870[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Garfield v Howard, 2002 NY Slip Op 40422[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2002]). Accordingly, the judgment, insofar as appealed from, is affirmed, albeit on grounds other than those relied upon by the Civil Court, as the parties were provided with substantial justice according to the rules and principles of substantive law (see CCA 1804, 1807). 
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017