Quality Blacktop Services, Inc., Appellant,
 against
Jacqueline Colon, Respondent. 
Quality Blacktop Services, Inc., appellant pro se.
Malone, Tauber & Sohn, P.C. (Stuart T. Spitzer of counsel), for respondent.

Appeal, on the ground of inadequacy, from a judgment of the District Court of Nassau County, Second District (William Hohauser, J.), entered June 8, 2016. The judgment, insofar as appealed from, after a nonjury trial, awarded plaintiff the principal sum of only $1,000.




ORDERED that the judgment, insofar as appealed from, is modified by increasing the award in favor of plaintiff to the principal sum of $4,000; as so modified, the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this commercial claims action to recover the principal sum of $4,500 for breach of a contract pursuant to which plaintiff had performed paving services at defendant's home. Defendant counterclaimed to recover the sum of $5,000, alleging defective workmanship. After a nonjury trial, the District Court awarded plaintiff the principal sum of $1,000 and dismissed the counterclaim. Plaintiff appeals on the ground of inadequacy.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). The deference normally accorded to the credibility determinations of a trial court applies with greater force in the Commercial Claims Part of the court, given the limited scope of review (see Williams v Roper, 269 AD2d at 126).
The unrebutted evidence adduced at trial established that plaintiff had installed a new driveway at defendant's home in a professional and workmanlike manner, and thus was entitled to the contract price of $3,000 therefor. The contract further provided that defendant had an option to have Belgium blocks installed around the perimeter of the driveway for $1,200 or pavers for $1,000 and that defendant had chosen Belgium blocks. The testimony established that [*2]when defendant had returned home from work, plaintiff had been in the middle of installing pavers and that defendant had ultimately acquiesced in permitting plaintiff to continue with their installation. While defendant claimed that she had only agreed to the pavers because plaintiff's employee had represented to her that Belgium blocks were not an option due to drainage concerns, defendant failed to provide any competent evidence at trial to establish that plaintiff's explanation was false, and, thus, that her acquiescence was due to plaintiff's misrepresentation. While, on appeal, defendant states that she would have wanted to pick out the paver color of her choice, defendant did not direct plaintiff to cease installing the pavers so that she could do so. Consequently, plaintiff is entitled to an additional $1,000 for the installation of the pavers. 
Finally, whereas plaintiff contends that it was entitled to an additional $300 for the removal of a tree stump, there was no mention of any stump removal in the contract and the testimony at trial in relation to it was too sparse to warrant an award therefor.
Accordingly, the judgment, insofar as appealed from, is modified by increasing the award in favor of plaintiff to the principal sum of $4,000.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 29, 2018