■ DOROTHY KINCADE, Respondent, v CHARLES KINCADE III et al., Appellants.—In an action to recover moneys loaned, the defendants appeal from a judgment of the Supreme Court, Nassau County (Velsor, J.H.O.), entered January 23, 1990, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $34,856.64.

Ordered that the judgment is affirmed, with costs.

On or about November 15, 1973, the plaintiff loaned $38,000 to the two defendants, her son Charles Kincade III and his business partner, who used the money to purchase a home. The loan was secured by a bond and mortgage on the subject

property. In August 1979, the defendants sold the property to a third party. During trial, they offered a Satisfaction of Mortgage executed by the plaintiff as evidence that the debt had been fully paid. The plaintiff acknowledged that she had signed the satisfaction piece but testified that she did so at the request of the defendants' attorney in order to allow the sale of the house to close. She testified further that she had not in fact been paid but was assured that she would receive her money out of the proceeds from the sale.

By contrast, the plaintiff's son testified that he had paid off the debt by giving the plaintiff the full amount of the outstanding balance owed, $34,856.64, in cash prior to the date the plaintiff executed the satisfaction piece. According to the defendants' testimony, they accumulated a cash fund of between $40,000 to $50,000 from the profits earned by their business and other sources, a portion of which was kept in a safe at the house and another portion of which was kept in the office of their business. It was from this fund that the plaintiff's son claimed he had made the cash payment to his mother in bundles of U.S. currency delivered not at her home but at the office of his business. However, the defendants did not present any receipt for the alleged payment.

The trial court accepted the plaintiff's testimony finding that the satisfaction was given to allow the closing to go forward, and that the plaintiff had not cancelled the debt but instead was to receive the balance of the amount owed after the closing. Accordingly, judgment was entered in favor of the plaintiff. We now affirm.

Contrary to the defendants' contention, we find that the plaintiff's testimony, which was properly credited by the trial court, was sufficient to overcome the prima facie evidence of payment that would ordinarily be inferred from the fact that a satisfaction piece had been executed (cf., *Citizens Sav. & Loan Assn. v Proprietors Ins. Co.,* 78 AD2d 377, 381). The plaintiff provided a reasonable explanation for why she executed the satisfaction piece expecting, as is common in real estate transactions of this nature, that payment would be made to her out of the proceeds from the sale. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses, and, necessarily, is in a superior position to judge veracity than an appellate court, which reviews but the printed record (*Barnet v Cannizzaro,* 3 AD2d 745; *Ausch v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 43, 49). We find no reason to set aside

the trial court's assessment of the credibility of the witnesses in this case or the factual finding made on the key issue of payment *(see, Cari v Pastore,* 142 AD2d 799). Accordingly, the court properly awarded judgment in favor of the plaintiff. Kunzeman, J. P., Sullivan, Eiber and Ritter, JJ., concur.