Stanley Brottman, Appellant, 
against
G. Fried Carpet and Design Center, Respondent.



Appeal from a judgment of the District Court of Nassau County, First District (Colin F. O'Donnell, J.), entered February 28, 2014. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action seeking recovery of his $1,641 deposit for wall-to-wall carpeting. Plaintiff had rejected delivery of the carpet, claiming that it was a different color from the one he had ordered. After a nonjury trial, at which defendant's employee testified that the carpet ordered and the carpet delivered were the same, and the court compared the two, the court dismissed plaintiff's action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and
principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1807; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d at 126), as plaintiff failed to establish his right to recover his deposit (see generally UCC 2-718 [2] [a]; 3 [a]). Accordingly, the judgment is affirmed.
Iannacci, J.P., Tolbert and Connolly, JJ., concur.
Decision Date: February 10, 2016