Clyde Porter, Doing Business as Clyde Porter, Jr. Consulting Engineers, Appellant, 
against
Gloria Smith, Respondent.



Appeal from a judgment of the Civil Court of the City of New York, Queens County (Carmen R. Velasquez, J.), entered August 28, 2014. The judgment, insofar as appealed from, after a nonjury trial, dismissed plaintiff's cause of action.




ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $3,589.06 for beach of contract. Following a nonjury trial, the Civil Court, insofar as is relevant to this appeal, dismissed plaintiff's cause of action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams, 269 AD2d at 126).
At trial, plaintiff testified that he had been hired by defendant to perform certain engineering services after her premises had been destroyed in a fire. The agreement between the parties, among other things, required payment of $1,200 upon the signing of the agreement and $3,500 upon the "submittal of the completed plans and NYCDOB Plan/Work Approval Application and related forms." Plaintiff testified that he had submitted the plans pursuant to the agreement but defendant had not paid him for his services. He seeks to recover the $3,000 balance owed under the agreement, and $500 for additional services not covered under the agreement, plus $89.06 for out-of-pocket expenses. The testimony adduced at trial established that plaintiff had been paid the total sum of $4,985 by defendant.
While plaintiff claims that he is entitled to recover the balance due under the agreement, he failed to establish that he had completed the work pursuant to the agreement or that he was entitled to any portion of the balance due thereunder for services he had rendered for which he had not been paid. Moreover, the proof at trial did not establish that plaintiff was entitled to recover $589.06 for additional services. As the record supports the Civil Court's determination, [*2]we find that the judgment, insofar as appealed from, rendered substantial justice between the parties according to the rules and principles of substantive law (see CCA 1804, 1807).
Accordingly, the judgment, insofar as appealed from, is affirmed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: October 21, 2016