Yvonne Ward, Respondent,
against
Richard Nardo, Defendant, and Dayton Towers Cooperative, Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered July 30, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $32.46 on her cause of action against defendant Dayton Towers Cooperative. The appeal was transferred to this court by decision and order of the Appellate Division, Second Judicial Department, dated October 13, 2016.




ORDERED that the judgment is affirmed, without costs.
Insofar as relevant to the appeal in this small claims action, plaintiff seeks to recover rent paid, based on a claim that Dayton Towers Cooperative (defendant), her landlord, breached the warranty of habitability (Real Property Law § 235-b). Following a nonjury trial, the Civil Court awarded plaintiff the principal sum of $32.46, consisting of two days' rent, as against defendant. Defendant appeals.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see CCA 1804, 1807; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d at 126). There is no basis to disturb the Civil Court's finding that the loss of heat, hot water and electricity described by plaintiff was a sufficient basis for an award of damages under Real Property Law § 235-b. Defendant failed to demonstrate the merits of its remaining contention.
Accordingly, the judgment is affirmed. 
Solomon, J.P., Weston and Elliot, JJ., concur.
Decision Date: December 15, 2016