Sebastian Guarino, Appellant, —
against
Woods II Condominium Association, Respondent.




Sebastian Guarino, appellant pro se.
Woods II Condominium Association, respondent pro se.

Appeal from a judgment of the Justice Court of the Village of Yorktown, Westchester County (Salvatore A. Lagonia, J.), entered March 25, 2015. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Justice Court for the entry of a judgment in favor of plaintiff in the principal sum of $697.94.
Plaintiff, a unit owner, commenced this small claims action against the condominium association, alleging that he was entitled to reimbursement for the cost of the services of a plumber he had hired to clean out a clog of the common main sewer pipe, to which his unit, and several other units, were connected. Defendant's president testified that the plumber had concluded that the clog emanated from plaintiff's unit because the unit is stand-alone and the only possible source of the clog. Plaintiff contends, and defendant admitted at trial, that his unit is not stand-alone and that four units share the clogged common line. Defendant also testified that, when the same issue had arisen in 2010, the condominium had been unable to determine which of the four units was responsible for the clog. 
In a small claims action, our review is limited to a determination of whether "substantial [*2]justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 125 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
It is undisputed that the condominium's bylaws provide that repairs to common areas, such as the one involved herein, are common expenses unless the need for the repairs is caused by an individual owner. Here, defendant failed to meet its burden of establishing that the clog was caused by plaintiff, as the clog could have been created by any one of four units sharing the main sewer pipe.
In light of the above, the Justice Court's dismissal of the action did not provide plaintiff with substantial justice according to the rules and principles of substantive law (see UJCA 1804, 1807).
Accordingly, the judgment is reversed and the matter is remitted to the Justice Court for the entry of a judgment in favor of plaintiff in the principal sum of $697.94. 
Marano, P.J., Tolbert and Brands, JJ., concur.


ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 31, 2017