Joseph Ogba, Respondent,
against
Beatrice Obilor, Appellant.




Beatrice Obilor, appellant pro se.
Joseph Ogba, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered October 26, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,000.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $3,200. At a nonjury trial, plaintiff testified that, pursuant to an oral agreement for plaintiff to rent an apartment from defendant, plaintiff gave defendant $2,600 prior to moving into the premises, and his proposed roommate gave defendant an additional $600 in return for a promise that certain repairs would be made. Subsequent to defendant's tender of the keys, plaintiff discovered that the conditions, including a lack of hot water, the lack of a boiler and the sink not draining, had not been repaired. Defendant testified that she is entitled to withhold half a month's rent, and she did not return $1,000 of the amount given to her by plaintiff. Defendant appeals from a judgment of the Civil Court awarding plaintiff the principal sum of $1,000.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and [*2]demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
In light of defendant's breach of the terms of the agreement with plaintiff, she was not entitled to retain any of the money given to her by plaintiff. Consequently, we find that the judgment rendered substantial justice between the parties (see CCA 1804, 1807).
Accordingly, the judgment is affirmed. 
Weston, J.P., Solomon and Elliot, JJ., concur. 
Paul Kenny
Chief Clerk
Decision Date: April 21, 2017