Inayatullah Rustemi, Respondent,
against
Systematic Control Corporation, Appellant.




Ruskin, Moscou, Faltischek, P.C. (John A. Demaro, Esq.), for appellant.
Inayatullah Rustemi, respondent pro se.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), dated July 30, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,500 and dismissed defendant's counterclaim.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover a $2,500 deposit he had paid defendant towards the total cost of a $15,500 contract to convert his oil heating system to gas. On May 15, 2013, the parties entered into a written contract which provided that, in the event the gas company "refuses to install a natural gas line at" plaintiff's property, defendant would refund the $2,500 deposit to plaintiff. Both parties agreed that the installation of the gas line had to be at no cost to plaintiff or else plaintiff would be entitled to a refund of his deposit with defendant. On May 18, 2013, defendant purchased the materials required for it to construct the new ductwork which it was to install in plaintiff's house. The utility company never installed the gas line at plaintiff's property, and plaintiff subsequently commenced this action to recover his deposit. Defendant counterclaimed to recover the costs that it had incurred attendant to the fabrication of the ductwork for plaintiff's house. Following a nonjury trial, the Civil Court awarded plaintiff the principal sum of $2,500 and dismissed defendant's counterclaim.
On appeal, defendant contends that the gas company had agreed to install a gas line at plaintiff's property free of charge and, thus, plaintiff is not entitled to the return of his $2,500 deposit because he breached the contract. Moreover, defendant argues it is entitled to recover the costs associated with its fabrication of the ductwork for plaintiff's house.
In a small claims action, our review is limited to the determination of whether substantial justice has been done according to the rules and principles of substantive law (see CCA 1804, 1807; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Although defendant presented testimony at trial that the gas company had agreed to install the gas line on plaintiff's property at no charge to plaintiff as early as three days after the parties had entered into the contract in May 2013, defendant also submitted a letter it had sent to plaintiff in November 2013 wherein defendant stated that "the information being provided to us was erroneous and confusing however, the Utility['s] position remains that natural gas cannot be supplied on gratis" (emphasis added). As the Civil Court found plaintiff's testimony to be more credible than defendant's, and the determination of a trier of fact as to issues of credibility is given substantial deference (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]), we find that the court properly concluded that plaintiff had not breached the contract. Consequently, plaintiff was entitled to the return of his $2,500 deposit pursuant to the terms of the contract. In addition, we find that defendant is not entitled to recover on its counterclaim because, at the time it had purchased the materials for the ductwork, the gas company had not determined that it would install a natural gas line at plaintiff's property at no cost to plaintiff.
Accordingly, the judgment is affirmed.
ELLIOT, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 23, 2017