Security Dodge-Ram-Jeep-Chrysler, Respondent, 
against
Alexander Breytman, Appellant.




Alexander Breytman, appellant pro se.
Steven Anthony Costantino, Esq. for respondent (no brief filed).

Appeal from a judgment of the District Court of Nassau County, First District (James M. Darcy, J.), entered February 6, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $5,000.




ORDERED that the judgment is modified by providing that, within 30 days of the date of this decision and order, plaintiff shall return the Lexus in question to defendant, together with the documentation that defendant had provided to plaintiff; in the event plaintiff fails to comply with this provision, the action is dismissed; as so modified, the judgment is affirmed, without costs.
In this commercial claims action, plaintiff, a car dealer, seeks to recover the principal sum of $5,000 based on defendant's alleged failure to provide good title to a Lexus automobile which defendant had traded in to plaintiff in consideration for a $5,000 credit towards a new vehicle that defendant purchased from plaintiff. 
At a nonjury trial, plaintiff's witness asserted that the MV-907A Salvage Certificate form that defendant had provided to it had not constituted adequate documentation of title for it to resell the Lexus. Plaintiff's witness further claimed that defendant had falsely represented that the Lexus had not been damaged by water, when in fact it had. In support of that claim, plaintiff introduced into evidence, among other items, a "Customer's Promise of No Water Damage," which bore defendant's notarized signature, a customer declaration on which defendant denied that the Lexus had been declared a salvage-rebuilt vehicle or a total loss for insurance purposes, and documentation establishing that, in 2012, the Lexus had been declared a "total loss" by [*2]defendant's insurer.
Defendant testified that the Lexus had been partially submerged during Hurricane Sandy and conceded that it had been declared a "total loss" by his insurer as a result of water damage, but denied that he had concealed that fact from plaintiff. He claimed that the $5,000 credit he had been allowed represented a substantial discount from the value the Lexus would have had if it had not previously been damaged. Defendant denied the authenticity of his signature on the documents plaintiff had introduced into evidence. He also claimed that the MV-907A Salvage Certificate form he had given plaintiff had been adequate to transfer ownership of the Lexus to plaintiff. Following the trial, the District Court awarded plaintiff judgment in the principal sum of $5,000.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). The deference accorded to a trial court's credibility determinations applies with even greater force to judgments rendered in the Commercial Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
The District Court based its award of damages to plaintiff on an implicit conclusion either that defendant had delivered inadequate documentation for plaintiff to resell the Lexus, or that defendant had materially misrepresented the history of the Lexus. We find no basis in the record to disturb the award. Nevertheless, by awarding damages of $5,000 to plaintiff, while leaving plaintiff in possession of the Lexus and the MV-907A form, the District Court, in effect, awarded plaintiff a double recovery. Consequently, in this commercial claims action, substantial justice requires that the Lexus be returned to defendant, together with the documentation that defendant had provided to plaintiff, as a condition to the award of a $5,000 judgment in favor of plaintiff (see UDCA 1805-A [a], 1807-A; see also Milligan v Wigs, 34 Misc 3d 128[A], 2011 NY Slip Op 52296[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Garber v New Idea by S.E.P., Inc., 20 Misc 3d 142[A], 2008 NY Slip Op 51684[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).
Accordingly, the judgment is modified by providing that, within 30 days of the date of the this decision and order, plaintiff shall return the Lexus in question to defendant, together with the documentation that defendant had provided to plaintiff; in the event plaintiff fails to comply with this provision, the action is dismissed.
BRANDS, J.P., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 03, 2017