Nora D. Zelevansky, Respondent, -
against
Gloria Valdez, etc., Appellant.




Marc Aronson, Esq., for appellant.
Nora D. Zelevansky, respondent pro se.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered January 8, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $5,000.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover a $3,500 security deposit, plus an additional $1,500 in damages resulting from defendant's failure to remediate an alleged mold condition in an apartment plaintiff and her husband had rented from defendant. After a nonjury trial, at which both parties appeared pro se, a judgment was entered awarding plaintiff the principal sum of $5,000. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
While defendant, now represented by counsel, correctly argues on appeal that the lease permits her to retain the security deposit for unpaid rent, here there was ample, unrebutted evidence to support plaintiff's implicit claim of a breach of the warranty of habitability, warranting a total abatement of the rent that defendant alleges was unpaid. Furthermore, a fair interpretation of the evidence supports the Civil Court's determination that defendant was individually liable for the additional damages plaintiff incurred. Thus, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see CCA 1804, 1807; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d at 126).
Accordingly, the judgment is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017