Richard Ponce, Appellant,
against
Oz Auto Body, Inc., Respondent.




Richard Ponce, appellant pro se.
Oz Auto Body, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered March 29, 2016. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $3,000, based on defendant's allegedly defective repairs to his vehicle. At a nonjury trial, plaintiff testified that, after originally estimating that the repairs would cost $8,000, defendant's employee had orally informed him that the repairs would cost $7,000, and that plaintiff had authorized the repairs based on that representation. However, following the repairs, defendant demanded, and conditioned the return of the vehicle upon, plaintiff's payment of $8,000. Plaintiff paid defendant $8,000, and defendant returned his car to him on July 16, 2014. Plaintiff claimed that, whereas defendant had promised to install BMW factory parts, he had later learned that defendant had instead installed parts, which, plaintiff testified, were worth $1,720 less than BMW factory parts. Additionally, plaintiff asserted that, as a result of defendant's faulty work on his vehicle, on November 7, 2015, he had paid $471 for further repairs. Following the trial, the Civil Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice . . . has been done between the parties according to the rules and principles of substantive [*2]law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Plaintiff's claim that defendant had agreed to charge him $7,000 for its work, rather than $8,000, was based entirely on plaintiff's testimony, and, by its dismissal of the action, the Civil Court implicitly credited neither that testimony nor plaintiff's claim that defendant had promised to provide him with BMW factory parts but had instead installed parts of lesser value. Upon a review of the record, we find no basis to disturb the court's credibility determination. Moreover, the Civil Court did not err in dismissing plaintiff's claim for faulty work, since plaintiff sought to recover for repairs that had been performed on his vehicle over a year after defendant had completed its work, and failed to establish that defendant's workmanship had been defective when rendered or that defendant had breached any express or implied warranty.
Consequently, we find that the Civil Court's determination dismissing the action rendered substantial justice between the partes (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
ELLIOT, J.P., PESCE and ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 12, 2018