Spencer Morris, Respondent,
against
Alexandra Dunaif, Appellant.




Alexandra Dunaif, appellant pro se.
Spencer Morris, respondent pro se (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Bedford, Westchester County (David A. Menken, J.), entered September 27, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $3,000 and dismissed the counterclaim.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims breach of contract action to recover the principal sum of $3,000, representing the final payment due on a contract for the sale of a horse. Defendant counterclaimed, essentially for breach of warranty, requesting the return of half of her $5,000 initial payment, on the ground that the horse was only worth $2,500. At a nonjury trial, the proof showed that plaintiff had entered into a contract to sell defendant a horse. Defendant initially paid the sum of $5,000. The contract stated that if, within six months from the date of the bill of sale, a mutually agreed upon veterinarian deems the horse unsound or unfit for the purpose of riding, defendant is relieved of her obligation to pay the remaining $3,000. The contract also stated that defendant accepts the horse in an "as is condition without express or implied warranties of any nature." Following the trial, the Justice Court awarded plaintiff $3,000 and dismissed the counterclaim.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). The deference normally accorded to the credibility determinations of a trial [*2]court applies with greater force in the Small Claims Part of the court, given the limited scope of review (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UJCA 1804, 1807). Plaintiff established his entitlement to the final $3,000 payment by submitting the bill of sale and by demonstrating that there was no report by an agreed- upon veterinarian deeming the horse unsound and defendant's nonpayment according to the terms of the contract. Moreover, defendant failed to establish a breach of warranty. The contract merely provided that the final payment of $3,000 would not be due if, in six months, the horse was deemed by a veterinarian to be unsound or unfit for the purpose of riding. Here, there was no showing that this was the case. In addition, insofar as the contract stated that the horse was sold "as is without express or implied warranties," any implied warranties were excluded (see UCC 2-316 [3] [a]). Defendant's claim that plaintiff breached a warranty because the horse could not jump three feet was not based upon any representation contained in the contract.
Accordingly, the judgment is affirmed.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 22, 2018