Todd Rotwein, DPM, PC, Appellant,
 against
Laura Bognanno and Joseph Bognanno, Respondents. Todd Rotwein, DPM, PC, appellant pro se.
Laura Bognanno and Joseph Bognanno, respondents pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the District Court of Nassau County, First District (Darlene D. Harris, J.), entered December 22, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $367.18.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this commercial claims action to recover the principal sum of $5,000, which, plaintiff alleged, was the sum due for the medical services he had provided to defendants' minor son. Following a nonjury trial, the District Court awarded plaintiff the principal sum of $367.18. Plaintiff appeals on the ground of inadequacy. 
Appellate review of a commercial claims action is limited to determining whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584, 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as the trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564, 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference to a trial court's credibility determinations applies with even greater force to judgments rendered in the Commercial Claims Part of the court, given the limited standard of review (see Williams v Roper, 269 AD2d at 126). 
Upon a review of the record, we find that plaintiff failed to establish that he had sustained damages in an amount greater than the principal sum awarded to him.[FN1]
Plaintiff failed to provide a clear account of the actual services he had rendered to defendants' son or establish the reasonable value thereof. Specifically, with respect to the latter, plaintiff presented testimony by an expert witness that the fees charged in "the bill that [plaintiff] sent to [defendants]" represented "the usual and customary fees" for the services allegedly rendered. However, as the [*2]record suggests that there were two bills sent by plaintiff to defendants—charging different amounts—the witness's testimony was too ambiguous to establish the reasonable value of plaintiff's services. As for plaintiff's challenges to the District Court's admission of certain testimony, we note that a commercial claims court is not bound by the rules of evidence (see UDCA 1804-A; Williams v Roper, 269 AD2d at 126-127; Buonomo v Stalker, 40 AD2d 733, 733 [1972]; Burns v Kaplan, 34 Misc 3d 155[A], 2012 NY Slip Op 50403[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Consequently, we find that the parties have been provided with substantial justice according to the rules and principles of substantive law (see UDCA 1804-A, 1807-A [a]). 

Accordingly, the judgment is affirmed.

MARANO, P.J., and GARGUILO, J., concur.

BRANDS, J., taking no part.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: April 12, 2018



Footnotes

Footnote 1: The record indicates that defendants paid a portion of a bill that plaintiff sent to them.