Crocco Contracting, Inc., Doing Business as Crocco Landscaping, Appellant,
against
Janet Castro, Respondent.




Crocco Contracting, Inc., d/b/a Crocco Landscaping, appellant pro se.
Janet Castro, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Third District (James F. Matthews, J.), entered December 1, 2017. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this commercial claims action to recover $712.57 for landscaping services it had performed for defendant in the 2016 season. At a nonjury trial, plaintiff's owner testified that his crew had cut defendant's lawn in October and November of 2016 and performed a fall clean-up, but plaintiff had not been paid for those services. Defendant testified that she was having construction done on the outside of her home so she asked plaintiff's crew to perform no additional landscaping services on her property after October 1, 2016. Defendant further testified that no lawn maintenance had been performed after that date but, on one occasion, December 26, 2016, when she had returned home, she had noticed that some leaves had been blown to one side of her yard. Following the trial, the District Court dismissed the action, stating that plaintiff had failed to prove its claim by a preponderance of the evidence.
In a commercial claims action, our review is limited to determining whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with even greater force to judgments rendered in the Commercial Claims Part of the court given the limited standard of review (see Williams v Roper, 269 AD2d at 126).
Here, the District Court's credibility determination to the effect that plaintiff had failed to prove its claim by a preponderance of the evidence should not be disturbed. We note that defendant denied that plaintiff had performed the services being sued upon and, in any event, defendant testified that she had instructed plaintiff to cease all landscaping services as of October 1, 2016. As the District Court's determination was supported by the evidence, the judgment rendered substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804-A, 1807-A).
Accordingly, the judgment is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 21, 2019