Leslie Newman, Appellant,
against
Edward Lyons, Respondent. 




Leslie Newman, appellant pro se.
Edward Lyons, respondent pro se (no brief filed).

Appeal from a decision of the Justice Court of the Town of Blooming Grove, Orange County (Stephen J. Smith, J.), dated December 19, 2017, deemed from a judgment of that court entered December 19, 2017 (see CPLR 5512 [a]). The judgment, entered pursuant to the decision, insofar as appealed from, after a nonjury trial, dismissed the action.




ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $1,519, constituting, in the main, a refund of money she had paid defendant. Defendant counterclaimed for $1,939.25, which, he asserted, he was owed by plaintiff pursuant to the parties' agreement. At a nonjury trial, plaintiff testified that she had paid defendant $1,500 pursuant to an oral contract to construct a driveway on her property. Plaintiff said that, under the terms of their agreement, she was to purchase fill and rent an excavator machine, which defendant would operate to build the driveway, and that defendant was to receive a fee of $3,000. The total anticipated cost of the driveway was $13,000. However, plaintiff asserted that she had expressed concern upon learning that defendant was uninsured, whereupon defendant had advised her that she could obtain insurance coverage for him to operate an excavator on her property by means of a rider to her [*2]homeowner's insurance policy. Plaintiff acknowledged that defendant had done some work at her property. However, she indicated that she had considered insurance coverage a condition of her contract with defendant, and said that, after her insurer had declined her request for a rider to cover defendant's work on the property, she had terminated the parties' agreement and requested a refund of the unused portion of her $1,500 payment. Defendant refused to give plaintiff a refund.
Although defendant conceded that plaintiff had paid him $1,500, which he had retained, he denied that he had been hired to operate the excavator or to construct plaintiff's driveway. Rather, defendant claimed that he had been hired at a weekly salary of $750 to assist plaintiff and her husband in obtaining required approvals for the construction of the driveway, and, once the necessary permits were obtained, to supervise the contractor who would construct the driveway. He testified that, over a period of three to four weeks, he had worked on plaintiff's job, and that he had succeeded in procuring a permit for the driveway construction.
Following the trial, the court dismissed plaintiff's cause of action and defendant's counterclaim, upon a finding that defendant had secured a permit for plaintiff and had performed minimal work at the property, and had been compensated for his work. Plaintiff appeals from so much of the judgment as dismissed her cause of action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with even greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
As the Justice Court's determination was supported by the evidence, the judgment, insofar as appealed from, rendered substantial justice between the parties according to the rules and principles of substantive law (see UJCA 1804, 1807).
Accordingly, the judgment, insofar as appealed from, is affirmed.
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 08, 2019