Ella Shillinsford, Appellant,
against
Rebecca Serwaa, Respondent. 




Ella Shillingford, appellant pro se.
Rebecca Serwaa, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Michael Gerstein, J.), entered June 8, 2017. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
At a nonjury trial of this small claims action for "loss of wages," plaintiff testified that an agency had hired her to work as a home health aide at a client's home. Plaintiff claimed that after she had worked at the client's home for three months, she was fired as a result of a false comment made by defendant, a co-worker, that plaintiff had hit defendant. Defendant testified that the patient they had cared for had ordered her to keep plaintiff away from her because plaintiff was giving her too much stress. Defendant denied telling anyone that plaintiff had hit her. Following the trial, the Civil Court entered a judgment dismissing the action. Plaintiff appeals, arguing that she made out a cause of action for "deceit" and tortious interference with a contract, and showed that defendant had made a false statement with malicious intent to procure the termination of her employment.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, [*2]269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the small claims part of the court (see Williams v Roper, 269 AD2d at 126).
The case presented issues of fact as to whether defendant made any statement about plaintiff and, if so, whether it was untrue. The Civil Court implicitly determined that defendant's version of the facts was more credible. Upon a review of the record, we see no basis to disturb the court's determination. Consequently, we find that the judgment provided the parties with substantial justice (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 11, 2019