Alfred LoParrino, Respondent,
against
Deshon Development Venture, LLC, Appellant. 




Certilman, Balin, Adler & Hyman, LLP (Anthony W. Cummings of counsel), for appellant.
Alfred LoParrino, respondent pro se.

Appeal from a judgment of the District Court of Nassau County, Fourth District (Scott H. Siller, J.), entered May 31, 2018. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $4,500.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover from defendant, the developer from which he had purchased his new home, the sum of $5,000, representing the cost of replacing allegedly defective flooring. Following a nonjury trial, the District Court awarded plaintiff the principal sum of $4,500, representing what it would have cost plaintiff to install flooring similar in quality to the flooring he replaced. Defendant appeals. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the [*2]testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find no basis to disturb the District Court's implicit findings as to the defective condition of the flooring at issue and that the replacement of the entire floor was necessary, or its rejection of defendant's claim that the limited warranty was invalidated. Thus, the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807). Defendant's argument that it was prejudiced by a joint trial with two other cases is without merit. 
Accordingly, the judgment is affirmed. 
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 16, 2020