Kendra Julien, Appellant, 
against
Jennifer B. Bischoff and Robert R. Bischoff, Respondents. 

Catholic Migration Services (Magdalena Barbosa of counsel), for appellant.
Jennifer B. Bischofff and Robert R. Biscoff, respondents pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Sharon Bourne-Clarke, J.), entered August 30, 2018. The judgment, after a nonjury trial, dismissed the action.
ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $510, which, she contends, is the amount of additional wages she is owed for services she rendered to defendants. At a nonjury trial, it was uncontested that defendants had employed plaintiff as a nanny for their child from October 26, 2016 to December 7, 2016 and, during the period of her employment, had regularly and completely paid plaintiff a weekly salary of $850; that, at the time of hiring, defendants had not provided plaintiff with a written notice, pursuant to Labor Law § 195 (1) (a), setting forth her rate of pay and the basis thereof, among other items; and that, with every payment of wages, defendants had failed to furnish plaintiff with a statement pursuant to Labor Law § 195 (3), listing the dates of work covered and information about her rate of pay, among other things. However, whereas defendant Jennifer Bischoff testified that plaintiff had been informed at the outset of her employment that the expectation was that she would be working up to 50 hours a week and that she was being offered a salary of $15 per hour for the first 40 hours of work per week and time-and-a-half, or $22.50 per hour, for 10 hours worked per week in excess of 40 hours, with a $25 cushion added, plaintiff denied that she had been informed of an hourly rate of pay. Plaintiff argued that, since she had only been paid on a weekly basis, without a statement of an hourly rate, she was instead entitled to rely on 12 NYCRR 142-2.16 to calculate her "regular" hourly rate of pay by dividing her weekly rate by the 50 hours she worked per week. Plaintiff contended that her "regular rate" was thus $17 per hour, which [*2]applied to the first 40 hours worked per week, and that a time-and-a-half rate of $25.50 applied for all hours she had worked in excess of 40 hours per week. Following the trial, the Civil Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
The Civil Court's dismissal of the action reflected that it had credited the testimony of defendant Jennifer Bischoff that defendants had informed plaintiff at the commencement of her employment that her pay was based on an hourly rate. Since 12 NYCRR 142-2.16 only applies to determine an employee's "regular rate" of pay when the employee is paid on "any basis other than an hourly rate," and the court implicitly determined that plaintiff had been paid on an hourly rate, 12 NYCRR 142-2.16 is inapplicable. To the extent that plaintiff sought to premise defendants' liability on their failure to provide written notices to her concerning her employment or her rate of pay either at the inception of her employment or with every payment of wages, defendants' complete and timely payment of plaintiff's wages constituted an affirmative defense to such claim (see Labor Law § 198 [1-b], [1-d]; see also Ahmed v Morgan's Hotel Group Mgt., LLC, 54 Misc 3d 1220[A], 2017 NY Slip Op 50253[U], *4 [Sup Ct, NY County 2017], affd 160 AD3d 555 [2018]). Thus, the Civil Court's dismissal of the action rendered substantial justice between the parties (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 12, 2020