Messam v Neisca (2020 NY Slip Op 50848(U))

[*1]

Messam v Neisca

2020 NY Slip Op 50848(U) [68 Misc 3d 127(A)]

Decided on July 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-2475 Q C

Wainwright Messam, Respondent, 
against
Perpetue Neisca, Appellant. 

Perpetue Neisca, appellant pro se.
Wainwright Messam, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (John
C. Katsanos, J.), entered May 15, 2018. The judgment, after a nonjury trial, awarded plaintiff the
principal sum of $5,000.

ORDERED that the judgment is affirmed, without costs.
In June 2017, plaintiff, defendant's former landlord, terminated defendant's month-to-month
tenancy. Defendant held over, and plaintiff commenced a summary proceeding, which resulted in
a stipulation awarding plaintiff possession and requiring defendant to vacate the apartment by
November 30, 2017. It is undisputed that defendant vacated the apartment on that date. In the
instant small claims action, plaintiff seeks to recover the principal sum of $5,000, the monetary
jurisdictional limit of the Small Claims Part (see CCA 1801), based on, in effect, use and
occupancy of $1,400 per month for each of the months of July 2017 through November 2017, a
sum which defendant had previously been paying. After a nonjury trial, the Civil Court awarded
plaintiff judgment in the principal sum of $5,000.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2006]). The determination of a trier of fact as to
issues of credibility is given substantial deference, as a trial court's opportunity to observe and
evaluate the testimony [*2]and demeanor of the witnesses affords
it a better perspective from which to assess their credibility (see Vizzari v State of New
York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This
deference applies with greater force to judgments rendered in the Small Claims Part of the court
(see Williams v Roper, 269 AD2d at 126). Upon a review of the record, we find that the
judgment rendered substantial justice between the parties (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2020