Athletic Movers, Inc. v Varick Realty Corp. (2021 NY Slip Op 50214(U))

[*1]

Athletic Movers, Inc. v Varick Realty Corp.

2021 NY Slip Op 50214(U) [70 Misc 3d 145(A)]

Decided on March 12, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 12, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-1505 K C

Athletic Movers, Inc., Respondent,
against
Varick Realty Corporation, Appellant. 

Varick Realty Corporation, appellant pro se.
Athletic Movers, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Carolyn
Walker-Diallo, J.), entered March 21, 2019. The judgment, after a nonjury trial, awarded plaintiff
the principal sum of $1,423 and dismissed defendant's counterclaim.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this commercial claims action alleging that defendant had tendered a
check to plaintiff in the sum of $1,725 in payment of moving services which plaintiff had
rendered, but the check was subsequently dishonored. Defendant counterclaimed to recover
$5,000 for damage to personal property and failure to provide proper services. At a nonjury trial,
the evidence established that plaintiff's employees performed moving services for defendant and,
upon completion, defendant gave plaintiff a check in the sum of $1,725. Thereafter, defendant
stopped payment on the check. Defendant notified plaintiff that some of defendant's artwork had
been damaged during the move and that defendant had overpaid plaintiff for moving supplies.
Plaintiff's owner denied that there was any damage to the artwork and offered to reduce the price
to compensate for any overpayment for supplies. Defendant submitted, among other things, two
estimates showing the cost to repair the artwork. Following the trial, the court awarded plaintiff
the principal sum of $1,423 and dismissed defendant's counterclaim.
In a commercial claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and principles of
substantive law" (CCA 1807-A [a]; see CCA 1804-A; Ross v Friedman, 269
AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the
determination of a trier of fact as to issues of credibility is given substantial deference, as a trial
court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords
it a better perspective from which to assess their credibility (see Vizzari v State of New
York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). This
deference applies with greater force to judgments rendered in the Commercial Claims Part of the
court (see Williams v Roper, 269 AD2d at 126).
Here, the evidence established that plaintiff performed moving services for defendant and
that defendant paid plaintiff $1,725 by check after the moving services were completed, pursuant
to a written contract signed by defendant's representative. The evidence also established that
defendant had stopped payment on its check. Defendant's office manager informed plaintiff's
owner that some artwork had been damaged and that she believed defendant was over-billed for
material. Plaintiff denied that any damage had been done to the artwork but offered to take $300
off its bill for any overpayment.
Upon a review of the record, we find that the judgment rendered substantial justice between
the parties according to the rules and principles of substantive law (see CCA 1804-A,
1807-A [a]). Defendant failed to establish its counterclaim which sought to recover for damaged
artwork allegedly caused by plaintiff during the move, as there was no competent evidence
presented regarding the condition of the artwork prior to, and immediately following, the
move.
Defendant's remaining contention lacks merit.
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 12, 2021