Torian v D'Agostino Landscaping & Irrigation (2022 NY Slip Op
50282(U))

[*1]

Torian v D'Agostino Landscaping & Irrigation

2022 NY Slip Op 50282(U) [74 Misc 3d 134(A)]

Decided on March 3, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through April 21, 2022; it will
not be published in the printed Official Reports.

Decided on March 3, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, HELEN VOUTSINAS,
JJ

2021-181 RO C

Edward Torian and Patricia Torian,
Respondents,
against
D'Agostino Landscaping & Irrigation, Appellant.

Condon & Associates, PLLC (Brian Condon of counsel), for appellant.
Edward Torian and Patricia Torian, respondents pro se (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Clarkstown, Rockland County
(Craig E. Johns, J.), entered January 5, 2021. The judgment, after a nonjury trial, awarded
plaintiffs the principal sum of $2,526.55.

ORDERED that the judgment is affirmed, without costs.
Plaintiffs commenced this small claims action to recover the principal sum of $3,000,
alleging that two employees of defendant damaged plaintiffs' vehicle with leaf blowers while
working at a condominium complex where plaintiffs resided. Following a nonjury trial, the
Justice Court awarded plaintiffs the principal sum of $2,526.55. 
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of
fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with
greater force to judgments rendered in the Small Claims Part of the court (see Williams v
Roper, 269 AD2d at 126).
Here, the judgment in favor of plaintiffs reflects that the Justice Court credited the [*2]testimony of plaintiffs' witness that she observed the employees
scratch plaintiffs' vehicle with leaf blowers as they walked through the narrow space between the
vehicle and the wall containing garbage receptacles, and we find no basis to disturb the court's
credibility determination (see Morgan v
Long Is. Roofing & Repairs Corp., 63 Misc 3d 143[A], 2019 NY Slip Op 50631[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2019]). As to the amount to be awarded for the
damage, plaintiffs submitted two itemized estimates to establish the reasonable value and
necessity of the repairs to the vehicle, and the lower of those estimates indicated that the cost of
repairs was $2,526.55 (see UJCA 1804; Five J's Auto., Ltd. v Hughes, 51 Misc 3d 147[A], 2016 NY Slip
Op 50753[U] [App Term, 1st Dept 2016]; Dorneval v Sidoti, 48 Misc 3d 126[A], 2015
NY Slip Op 50907[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Defendant's
remaining contention regarding its allegedly improper party designation is unpreserved for
appellate review (see Thomas v
Jordan, 66 Misc 3d 54, 57 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]) and,
in any event, lacks merit (see UJCA 1814; Laverty v Empire State Bldrs. & Contrs., Inc., 5 Misc 3d
135[A], 2004 NY Slip Op 51486[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]).
In view of the foregoing, the judgment awarding plaintiffs the principal sum of $2,526.55
rendered substantial justice between the parties (see UJCA 1804, 1807).
Accordingly, the judgment is affirmed.
GARGUILO, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 3, 2022