Troja v York Elec. of Westchester (2022 NY Slip Op 50358(U))

[*1]

Troja v York Elec. of Westchester

2022 NY Slip Op 50358(U) [75 Misc 3d 126(A)]

Decided on April 28, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 28, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2021-189 W C

Erald Troja, Appellant,
against
York Electrical of Westchester, Respondent.

Dr. Erald Troja, appellant pro se.
York Electrical of Westchester, respondent pro se (no brief filed).

Appeal from a judgment of the City Court of Yonkers, Westchester County (Karen N. Best,
J.), entered March 30, 2021. The judgment, after a nonjury trial, dismissed the action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action seeking $5,000 for breach of contract. Plaintiff
alleged that defendant failed to complete electrical services it was contracted to perform. At a
nonjury trial, plaintiff testified that defendant failed to complete the project and he had to hire
others to do so. Plaintiff did not present any expert testimony regarding the condition of
defendant's work. Defendant's owner, Peter York, testified that 75 percent of the electrical work
was completed, that plaintiff paid defendant $7,000 of the $9,877 of the contracted price
(approximately 71 percent), that defendant offered to complete the project and that plaintiff never
asked defendant to return. The City Court found in favor of defendant and dismissed the
action.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues
of credibility is given [*2]substantial deference, as a trial court's
opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a
better perspective from which to assess their credibility (see Vizzari v State of New York,
184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). This deference
applies with greater force to judgments rendered in the Small Claims Part of the court (see
Williams v Roper, 269 AD2d at 126).
Although plaintiff claimed that defendant did not fulfill its contractual obligations under the
contract, the credible evidence established that defendant's failure to perform was due to
plaintiff's actions when he failed to advise defendant to return after Peter York said that he was
willing and able to complete the job. The law looks with disfavor when one party, by its own
unilateral act, prevents or hinders the other party from fulfilling a contract (see Arc Elec.
Constr. Co. v Fuller Co., 24 NY2d 99 [1969]). Insofar as the evidence established that
defendant completed 75 percent of the contracted work, it was entitled to be compensated for that
work, which it was. Consequently, the judgment dismissing the action provided the parties with
substantial justice (see UCCA 1804,1807).
Accordingly, the judgment is affirmed.
DRISCOLL, J.P., VOUTSINAS and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 28, 2022