Brito v Board of Mgrs. Maple Arms Condo (2022 NY Slip Op
51102(U))

[*1]

Brito v Board of Mgrs. Maple Arms Condo

2022 NY Slip Op 51102(U) [77 Misc 3d 126(A)]

Decided on October 14, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 14, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-625 N C

Anthony P. Brito, Appellant,
against
Board of Managers Maple Arms Condo, Respondent.

Anthony P. Brito, appellant pro se.
Law Offices of Vladimir & Associates, PLLC (Richard M. Vladimir of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, Third District
(David W. Wright, J.), entered September 15, 2021. The judgment, after a nonjury trial,
dismissed plaintiff's cause of action and awarded defendant the principal sum of
$2,929.64 on its counterclaim.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action for reimbursement of a plumbing bill in
the amount of $3,500, contending that the cost of the repair to a pipe was defendant
condominium association's responsibility, as the subject pipe was within the common
area. Defendant counterclaimed, claiming plaintiff was responsible for damages in the
amount of $5,000 for causing and failing to fix a water leak within his defined home/unit
which caused damage to the common areas/garage of the condominium building.
Following a nonjury trial, the District Court dismissed plaintiff's cause of action and
awarded defendant the principal sum of $2,929.64 on its counterclaim. 
In a small claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and
principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v
Friedman, 269 AD2d 584 [2000]; Williams v Roper, [*2]269 AD2d 125 [2000]). Furthermore, the determination of
a trier of fact as to issues of credibility is given substantial deference, as a trial court's
opportunity to observe and evaluate the testimony and demeanor of the witnesses affords
it a better perspective from which to assess their credibility (see Vizzari v State of
New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511
[1991]). This deference applies with greater force to judgments rendered in the Small
Claims Part of the court (see Williams v Roper, 269 AD2d at 126). 
Upon a review of the record, we find no basis to disturb the District Court's
determination that the location of the subject pipe was within plaintiff's defined
home/unit, and, therefore, that plaintiff was responsible for covering the cost of repairing
the plumbing and the damaged common areas. Consequently, the judgment rendered
substantial justice between the parties according to the rules and principles of substantive
law (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 14, 2022