Michael Steven Gottlieb and Anastasia Plaunova, Respondents, 
against
James DeCillis, Appellant.




Sweeney & O'Keefe, Esqs. (William H. Sweeney, Jr. of counsel), for appellant.
Michael Steven Gottlieb and Anastasia Plaunova, respondents pro se.

Appeal from a judgment of the District Court of Suffolk County, Sixth District (Janine A. Barbera-Dalli, J.), entered January 31, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,555.93.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
In this small claims action, plaintiff seeks to recover the principal sum of $4,748.68 that he paid for repairs to a motor vehicle that he had purchased from defendant. At a nonjury trial, plaintiff testified that he paid $15,000 for a Jeep that was sold at auction on Ebay. It was undisputed that, plaintiff neither test-drove the vehicle nor had taken it to a mechanic before accepting delivery thereof. Immediately after he accepted the vehicle, plaintiff began experiencing mechanical difficulties with it, as it stalled out and had to be towed to a mechanic. Plaintiff further testified that he had learned from his mechanic that there were a host of mechanical problems with the vehicle. He paid the sum of $2,055.61 to repair the vehicle. Following the trial, at which defendant presented no evidence, the District Court awarded judgment in favor of plaintiff in the principal sum of $1,555.93.
In a small claims action, our review is limited to a determination of whether "substantial [*2]justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon our review of the record, we find that no liability can be imposed on defendant under the Used Car Lemon Law, since there was no proof that defendant was a "dealer" (see General Business Law § 198—b [a] [3]). Similarly, as there was no proof that defendant was a "merchant" of motor vehicles (see UCC 2—104 [1]), no implied warranty of merchantability arose with the sale (see UCC 2—314; Massaquoi v Arias, 43 Misc 3d 128[A], 2014 NY Slip Op 50480[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; cf. Vehicle and Traffic Law § 417 [applicable to retail dealers on sales of second-hand motor vehicles]). Plaintiff also failed to establish any express warranty created by defendant (see UCC 2—313). Nor did plaintiff demonstrate that the car was not in conformity with the contract (see UCC 2—714; see generally Bulsara v Chami, 51 Misc 3d 143[A], 2016 NY Slip Op 50696[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016 [internal quotation marks and citation omitted]). We note that plaintiff ultimately sold the vehicle and never sought to revoke his acceptance of same (see UCC 2-607, 2-608).
As plaintiff failed to establish any basis for defendant's liability, we conclude that the judgment in favor of plaintiff failed to render substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807).
Accordingly, the judgment is reversed and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2018