Dimas Brenda Macias, Respondent, 
against
First Class Roofing and Jesus Torres, Also Known as Ethan Sage, Appellants.




First Class Roofing and Jesus Torres a/k/a Ethan Sage, appellants pro se.
Dimas Brenda Macias, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Darlene D. Harris, J.), entered September 28, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $950 and dismissed the counterclaim.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover $1,900, alleging that defendant First Class Roofing, which is owned by defendant Jesus Torres, also known as Ethan Sage (Sage), failed to complete the contracted-for work to her roof. Defendants counterclaimed to recover $1,850, representing the unpaid balance allegedly due for the work they performed.
At a nonjury trial, plaintiff testified that she and Sage had entered into an oral contract whereby Sage would repair plaintiff's entire roof for $6,300 because it was leaking by the flat dormers. Plaintiff testified that the leaks had continued after the work had been competed and the final payment made, and that she was forced to hire another contractor to finish the job. Sage testified that he had been hired only to repair the shingles on the roof and was never hired to fix the flat portions of the roof where the leaks were occurring. The District Court did not credit Sage's testimony and determined that Sage failed to properly repair the roof pursuant to the oral contract. Defendants appeal from a judgment awarding plaintiff the principal sum of $950 and dismissing their counterclaim.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the [*2]testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with even greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
As the District Court's determination was supported by the evidence, the judgment rendered substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 28, 2019