Delano A. Dobson, Respondent,
against
Armel Solon, Appellant.




Armel Solon, appellant pro se.
Delano A. Dobson, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Andrew Borrok, J.), entered June 29, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $543.13 and dismissed defendant's counterclaim.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover for damage to his vehicle sustained as a result of a collision with defendant's vehicle. Defendant counterclaimed, alleging that the accident was caused by plaintiff's negligence rather than her own, and that her vehicle had also sustained damage in the collision, for which she was entitled to recover. Following a nonjury trial, at which both parties testified about the occurrence of the accident, the Civil Court awarded plaintiff the principal sum of $543.13 and dismissed the counterclaim. On appeal, defendant argues that the court erred in its determination as to liability.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of [*2]credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Here, the court implicitly found that plaintiff had provided credible testimony that it was defendant's negligence which had caused the accident. As there is no basis in the record to disturb the court's credibility determination, we find that the judgment in favor of plaintiff rendered substantial justice between the parties according to the rules and principles of substantive law (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 26, 2019