Donna Steves, Respondent,
against
William Frintzilas, Appellant.




William Frintzilas, appellant pro se.
Donna Steves, respondent pro se (no brief filed).

Appeal from a judgment of the City Court of Glen Cove, Nassau County (Joseph D. McCann, J.), entered January 17, 2018. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $4,432.50.




ORDERED that the judgment is modified by reducing the award in favor of plaintiff to the principal sum of $3,592.50; as so modified, the judgment is affirmed, without costs. 
In this small claims action, plaintiff seeks to recover the principal sum of $4,432.50, representing the return of her security deposit and various consequential damages arising from defendant's alleged breach of an agreement to rent plaintiff an apartment. At a nonjury trial, it was established that plaintiff had paid defendant $2,200 as part of plaintiff's application to rent an apartment from defendant. The application agreement was signed by plaintiff and accepted by defendant, and provided that the $2,200 was a nonrefundable deposit but that when plaintiff entered into a lease for the premises, it would be applied to plaintiff's first month of rent also in the amount of $2,200. The agreement further provided that a $3,300 security deposit and $1,000 broker's fee were required, but did not specify a date upon which those sums were due. It is undisputed that, although plaintiff's application to rent the apartment was approved, no lease was ever provided. Plaintiff subsequently arrived at the premises with a moving truck and movers, and, while plaintiff was attempting to move in, defendant stated that she could not move in until [*2]plaintiff had paid the $3,300 security deposit. As plaintiff did not have the full amount at that time, defendant did not allow her to move into the premises. The court admitted evidence of plaintiff's moving costs to the premises and then to a storage facility, storage fees for one month, and moving costs to a new apartment, totaling $2,042.50. Plaintiff also submitted into evidence a bill marked paid from St. Mina Animal Clinic for $304, which plaintiff alleged represented her costs to board her dog until she found another apartment. Following the trial, the City Court awarded plaintiff the principal sum of $4,432.50, finding, among other things, that no lease had ever been offered to plaintiff, and no due date had been set for the security deposit payment. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
While we agree with the City Court's implicit finding that defendant was liable for refusing to permit plaintiff to move in, we are of the opinion that plaintiff is not entitled to recover all of the damages she seeks. Plaintiff is entitled to the return of her $2,200 payment to plaintiff. However, with respect to the moving and storage charges, only the moving fees to defendant's premises, and then to the storage facility, as well as the resultant storage fees, for a total of $1,392.50, were properly chargeable to defendant. Plaintiff's cost in moving to her new apartment is not recoverable, as plaintiff would have otherwise been responsible for these moving expenses. Finally, the record does not support an award to plaintiff for her pet boarding fees, as these fees were not foreseeable damages, because defendant was not previously informed of plaintiff's pet. 
Accordingly, substantial justice (see UCCA 1804, 1807) requires that the judgment be modified by decreasing the amount awarded to plaintiff to the principal sum of $3,592.50.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 13, 2019