William B. Flynn, Respondent,
against
Landmark Ventures USA, Inc., Appellant. 




Kerr, LLP (William B. Kerr of counsel), for appellant.
William B. Flynn, Esq., respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Scott H. Siller, J.), entered July 9, 2018. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,643.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff, who is an attorney, seeks to recover the principal sum of $2,643, constituting reimbursement for his payment to an appellate printer for the costs of printing, serving and filing an appellate brief and record in an action in which defendant herein was the appellant. At a nonjury trial, plaintiff testified that he had previously been a member of the law firm of McCabe & Flynn, LLP, which had since become "defunct." Plaintiff testified that defendant had hired McCabe & Flynn, LLP to represent it in an appeal, and that, in connection with the appeal, plaintiff had retained Record Press to print, serve, and file an appellate record and brief. Plaintiff introduced into evidence the $2,643 invoice from Record Press for this job, together with an email from Record Press's vice-president of operations, thanking plaintiff for his credit card payment of the invoice. Plaintiff also testified that he had personally paid the full amount of the invoice. Defendant, which appeared by its president, did not dispute that plaintiff had paid the bill in full, but rather argued that the bill had been excessive, without any specific factual support for this contention. Following the trial, the District Court awarded judgment in favor of plaintiff in the principal sum of $2,643.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, [*2]269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
In this matter, we conclude that the evidence was sufficient to justify the award in favor of plaintiff, and that the judgment thus rendered substantial justice between the parties (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020