Barbara A. Falanga, Doing Business as Barbara Falanga LCSW, Respondent,
against
Austin W. Fierstadt, Appellant. 




Austin W. Fierstadt, appellant pro se.
Jaspan Schlesinger, LLP (Anthony J. Falanga of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Scott H. Siller, J.), entered April 3, 2018. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $450.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action alleging that she had performed professional evaluation services for defendant and that defendant had failed to pay her for those services. At a nonjury trial, plaintiff testified that she had been hired by defendant to submit an evaluation to defendant's criminal attorney on defendant's pending driving while intoxicated (D.W.I.) arrest. She met with defendant and made relevant inquiries in preparation for her evaluation. Defendant paid her $450 for those services by means of his credit card. About a week later, plaintiff submitted her evaluation to defendant's criminal attorney, recommending that defendant undergo short-term substance abuse treatment based on her screening and his prior D.W.I. arrest. Shortly thereafter, defendant reversed the charges on his credit card. Defendant testified that he was dissatisfied with plaintiff's recommendation that he undergo short-term substance abuse treatment because he felt that plaintiff did not fully understand him and did not properly evaluate his situation. Defendant testified that his first D.W.I. arrest had occurred 17 years earlier, that he is not an alcoholic and that he was only a "half drink over the legal limit." After trial, the District Court awarded plaintiff the principal sum of $450.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and [*2]demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
In a claim for breach of contract, a plaintiff must show the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and the damages resulting from the breach (see Dee v Rakower, 112 AD3d 204 [2013]). Contrary to defendant's contention, the record supports the trial court's finding that plaintiff had performed the agreed-upon services for defendant and that defendant had breached the contract by failing to pay for those services. Defendant was not permitted to withhold payment merely because defendant was dissatisfied with plaintiff's recommendation.
Defendant's remaining contention is without merit.
As the District Court's determination was amply supported by the evidence, the judgment rendered substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020