Garnique-Flores v Soo-Hoo (2020 NY Slip Op 51294(U))

[*1]

Garnique-Flores v Soo-Hoo

2020 NY Slip Op 51294(U) [69 Misc 3d 136(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2019-491 Q C

Elena Garnique-Flores, Respondent, 
against
Benlliam Yue Soo-Hoo, Appellant. 

Benlliam Yue Soo-Hoo, appellant pro se.
Elena Garnique-Flores, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County )Tracy
A. Catapano-Fox, J.), entered April 26, 2018. The judgment, after a nonjury trial, awarded
plaintiff the principal sum of $3,000.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, defendant appeals from a judgment which, after a nonjury trial,
awarded plaintiff the principal sum of $3,000, representing the amount plaintiff had paid to
defendant for filing an application for asylum.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of
fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with
greater force to judgments rendered in the [*2]Small Claims Part
of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that the court's determination, based on its credibility
findings, is supported by the record. Consequently, the judgment provided the parties with
substantial justice according to the rules and principles of substantive law (see CCA
1804, 1807).
Accordingly, the judgment is affirmed. 
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020