Muguruza v Solomou (2020 NY Slip Op 51495(U))

[*1]

Muguruza v Solomou

2020 NY Slip Op 51495(U) [70 Misc 3d 127(A)]

Decided on December 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-812 N C

Luis A. Muguruza, Appellant,
against
Michalis Solomou, Respondent. 

Luis A. Muguruza, appellant pro se.
Michalis Solomou, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Fourth District (Scott H.
Siller, J.), entered November 27, 2018. The judgment, after a nonjury trial, dismissed the
action.

ORDERED that the judgment is affirmed, without costs.
In this small claims action to recover the principal sum of $5,000, plaintiff alleged that
defendant, a dog breeder, had sold him a dog which, contrary to defendant's representation, was
ineligible to be registered with the American Kennel Club (AKC). At a nonjury trial, plaintiff
testified that he had contacted defendant after seeing his advertisement on Craigslist for puppies
with certificates from the AKC, that he had purchased a male puppy from defendant in June 2017
for $1,300, and that defendant had told him that it would take six to eight weeks to get "the
papers." Defendant eventually sent plaintiff a certificate from the "North American Purebred
Registry, Inc.," not the AKC. Plaintiff testified that he had sustained damages of $3,700 as a
result of being unable to enter the dog into competitions and profitably breed the dog without the
AKC registration. Defendant testified that plaintiff knew that the dog he chose to purchase was
ineligible to be registered with the AKC when he had purchased it, that the dog plaintiff chose
was less expensive than defendant's other dogs because of this ineligibility, and that plaintiff
[*2]indicated that he did not care whether the dog had AKC
certification so long as it had "any type of paper." Following the trial, the District Court
dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]). The determination of a trier of fact as to
issues of credibility is given substantial deference, as a trial court's opportunity to observe and
evaluate the testimony and demeanor of the witnesses affords it a better perspective from which
to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992];
Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater
force to judgments rendered in the Small Claims Part of the court (see Williams v Roper,
269 AD2d at 126).
Upon a review of the record, we find no basis to disturb the court's credibility determinations
and, thus, that the judgment provided the parties with substantial justice according to the rules
and principles of substantive law (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 10, 2020