Ellis v Brooklyn Dodge Jeep Chrysler Ram (2021 NY Slip Op 50645(U))

[*1]

Ellis v Brooklyn Dodge Jeep Chrysler Ram

2021 NY Slip Op 50645(U) [72 Misc 3d 131(A)]

Decided on July 2, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 2, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-1494 K C

William Ellis, Jr., Appellant,
against
Brooklyn Dodge Jeep Chrysler Ram, Respondent.

William Ellis, Jr., appellant pro se.
Brooklyn Dodge Jeep Chrysler Ram, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered December 13, 2018. The judgment, after a nonjury trial, dismissed the
action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action against defendant, an automobile dealership,
seeking to recover $2,000 in damages for defendant's "failure to provide proper repairs." After a
nonjury trial, the Civil Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of
fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with
greater force to judgments rendered in the Small Claims Part of the court (see Williams v
Roper, 269 AD2d at 126).
Upon a review of the record, we find that the judgment rendered substantial justice between
the parties according to the rules and principles of substantive law (see CCA 1804,
1807).
Accordingly, the judgment is affirmed.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 2, 2021