Medina v Perfect Body Image, LLC (2021 NY Slip Op 51261(U))

[*1]

Medina v Perfect Body Image, LLC

2021 NY Slip Op 51261(U) [73 Misc 3d 147(A)]

Decided on December 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, HELEN
VOUTSINAS, JJ

2020-345 S C

Frecilannia Medina, Respondent,
against
Perfect Body Image, LLC, Appellant, Jemima Miranda, Sued Herein
as Jemina Miranda, Defendant. 

Doreen J. Shindel & Associates, P.C. (Doreen J. Shindel of counsel), for appellant.
Frecilannia Medina, respondent pro se (no brief filed).

Appeal from a decision of the District Court of Suffolk County, Second District (John P.
Schettino, J.), dated October 4, 2019, deemed from a judgment of that court entered October 8,
2019 (see CPLR 5512 [a]). The judgment, insofar as appealed from, upon the decision, after a
nonjury trial, awarded plaintiff the principal sum of $2,666.67 as against defendant Perfect Body
Image, LLC.

ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $5,000, based on
defendant Perfect Body Image, LLC's (defendant's) alleged wrongful cancellation of a sales
agreement. At a nonjury trial, it was established that, on April 8, 2017, plaintiff and her friend,
Santa Pardilla, had gone to defendant's business establishment, where they each met with
defendant Jemima Miranda, who discussed defendant's services with them. The same day,
plaintiff signed a Spanish-language sales agreement on a form that had been drafted by
defendant. Under the terms of the agreement, plaintiff agreed to purchase a single session of
"Thermage CPT" treatment for a "promotional discounted package price" of $8,000 and a "fair
market value" of $15,700. Defendant also agreed to provide plaintiff, at no cost, one additional
Thermage treatment with a stated "fair market value" of $11,800 and seven "Velashape III"
sessions with a stated "fair market value" of $15,750. Thus, the total stated market price was
$43,200, and the discounted price, which was fully paid with a $0 balance, was $8,000. The
[*2]sales agreement stated, among other things, that plaintiff's
payment was nonrefundable; that, if plaintiff failed to complete all the services provided for in
the sales agreement or adhere to its terms, plaintiff would be responsible for paying defendant the
full "market value" of the services; and that defendant had the right to cancel the services listed
in the sales agreement if plaintiff "failed to adhere" to the terms of the agreement. It was
undisputed that plaintiff had paid defendant the full $8,000 price set forth in the sales
agreement.
On April 8, 2017, plaintiff received her initial Thermage treatment. Plaintiff testified that she
had always gone to defendant's establishment with Pardilla; that they had occasionally been
refused treatments, because they had either consumed too little or too much water; and that she
had received five additional treatments from defendant. On July 30, 2017, Pardilla was involved
in a dispute with one of defendant's employees. Defendant thereafter refused to provide any
further services to plaintiff.
Following the trial, the District Court dismissed the action against Jemima Miranda and
awarded plaintiff the principal sum of $2,666.67 as against defendant upon a finding that
defendant had cancelled its sales agreement with plaintiff without cause. Defendant appeals,
arguing that plaintiff's payment was nonrefundable in its entirety and that, having provided the
single service for which it had charged plaintiff, it had, in any event, satisfied its obligations
under the sales agreement. Defendant thus claims that it had no contractual obligation to provide
plaintiff with eight-ninths of the services listed in the sales agreement.
In a small claims action, our review is limited to a determination of whether "substantial
justice has ... been done between the parties according to the rules and principles of substantive
law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier
of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with
greater force to judgments rendered in the Small Claims Part of the court (see Williams v
Roper, 269 AD2d at 126).
We find no ground to disturb the District Court's determination, which was based on a
credibility finding, that defendant breached the sales agreement by cancelling it without cause. In
its decision, the court noted that the judgment it was awarding plaintiff constituted a sum that
was proportionate to the number of treatments defendant had failed to provide. We reject
defendant's interpretation of the agreement and, without determining whether the
"nonrefundability" provision is enforceable upon a customer's breach—an issue we need
not reach—conclude that it in any event cannot be enforced upon defendant's breach.
Otherwise defendant, as vendor, could unilaterally breach the contract by choosing not to provide
the customer with any or all of the services for which the customer had paid, without having to
refund any sum.
As defendant has not challenged the amount awarded to plaintiff, and as plaintiff has not
cross-appealed on the ground of inadequacy, we do not pass on the propriety of the amount
awarded.
In view of the foregoing, we find that substantial justice (see UDCA 1804, 1807)
does not require that the judgment, insofar as appealed from, be disturbed.
Accordingly, the judgment, insofar as appealed from, is affirmed.
RUDERMAN, P.J., and VOUTSINAS, J., concur.
GARGUILO, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 23, 2021