Nuzzo v Jerry Cardullo Iron Works, Inc. (2022 NY Slip Op
51244(U))

[*1]

Nuzzo v Jerry Cardullo Iron Works, Inc.

2022 NY Slip Op 51244(U) [77 Misc 3d 132(A)]

Decided on November 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2022-315 S C

Benny Nuzzo, Appellant,
against
Jerry Cardullo Iron Works, Inc., Respondent.

Benny Nuzzo, appellant pro se.
Jerry Cardullo Iron Works, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, First District
(Cheryl M. Helfer, J.), entered March 4, 2022. The judgment, after a nonjury trial,
dismissed the action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover $2,700 for breach of
contract, claiming that the railings defendant had installed on his property were defective.
After an arbitration award pursuant to the Rules of the Chief Judge (22 NYCRR) part 28
was entered in favor of plaintiff, defendant made a demand for a trial de novo pursuant to
Rules of the Chief Judge (22 NYCRR) § 28.12. At a nonjury trial, plaintiff testified
that the railings installed by defendant in front of his home were not the color he had
picked out, were wobbly, and had rust stains. Defendant's operations manager testified
that the color of the railings as shown in the photographs matched the color that plaintiff
had picked from a color chart that was in evidence. He also stated that defendant was
willing to repair the other things plaintiff had issues with but that plaintiff had prevented
defendant from doing so. The District Court found in favor of defendant and dismissed
the action.
In a small claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and
principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v
Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
The determination of a trier of fact as to issues of credibility is given substantial
deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their
credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade
v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to
judgments rendered in the Small Claims Part of the court (see Williams v Roper,
269 AD2d at 126).
Here, the evidence supported the District Court's findings that, although the color of
the railings may look different depending on the way the light hits them, the railings
matched the color contracted for. Moreover, while the credible evidence established that
defendant was willing to do the other repairs to the railings at no cost, the warranty did
not provide that plaintiff had to only use defendant for any repairs. In any event, an
itemized bill or invoice, receipted or marked paid, or two itemized estimates for services
or repairs "are admissible in evidence and are prima facie evidence of the reasonable
value and necessity of such services and repairs" (UDCA 1804). Here, the only evidence
plaintiff submitted in support of his claim for damages were two estimates, listing a
single cost to do multiple repairs and recolor the railings, which, as indicated above, were
painted the color as per the contract. As the estimates were not itemized, they were
insufficient to establish plaintiff's claim of damages.
Finally, defendant was entitled to request a trial de novo after arbitration pursuant to
the rules governing alternative dispute resolution by arbitration (see Rules of the
Chief Judge [22 NYCRR] part 28).
In view of the foregoing, we are of the opinion that the court's determination
rendered substantial justice according to the rules and principles of substantive law
(see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 23,
2022