Phillips v Waterman (2023 NY Slip Op 50457(U))

[*1]

Phillips v Waterman

2023 NY Slip Op 50457(U)

Decided on April 28, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 28, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LOURDES M. VENTURA, JJ

2022-431 K C

Danielle J. Phillips, Appellant, 
against
Trevor Waterman and Sophia Grant, Respondents. 

Danielle J. Phillips, appellant pro se.
Trevor Waterman and Sophia Grant, respondents pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Keisha M. Alleyne, J.), entered May 5, 2022. The judgment, after a nonjury trial, dismissed plaintiff's action.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
Plaintiff commenced this small claims action against defendants, her former landlord and realtor, respectively, to recover, among other things, her security deposit, first month's rent, broker's fees, and damages for breach of lease and pain and suffering. After a nonjury trial, the Civil Court entered a judgment dismissing the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Here, a review of the record indicates that substantial justice was not done between the parties (see CCA 1804, 1807). The Civil Court heard testimony but did not permit plaintiff to present certain documents in support of her claims as was her right pursuant to substantive law (see Cuevas v Rowinski, 70 Misc 3d 130[A], 2020 NY Slip Op 51522[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Sakie v Amin, 46 Misc 3d 147[A], 2015 NY Slip Op 50230[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
TOUSSAINT, P.J., BUGGS and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 28, 2023