Pappas v Benjamin (2023 NY Slip Op 50780(U))

[*1]

Pappas v Benjamin

2023 NY Slip Op 50780(U)

Decided on July 6, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 6, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P. McCORMACK, JJ

2021-609 N C

Zoe Alexandra Pappas, Appellant,
against
Jeffrey Marc Benjamin, Respondent. 

Zoe Alexandra Pappas, appellant pro se.
Jeffrey Marc Benjamin of counsel, respondent pro se.

Appeal from a judgment of the District Court of Nassau County, Third District (Lisa M. Petrocelli, J.), entered September 2, 2021. The judgment, after a nonjury trial, dismissed the action.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks a refund of $1,050 of the fees she paid to defendant, an attorney, contending that she had cancelled their contract and that the work defendant had done prior to the cancellation was contrary to their agreement.
At a nonjury trial, it was established that, in July 2019, plaintiff had paid defendant $7,500 when she retained him to represent her in an action. Under the terms of the parties' signed retainer agreement, defendant was to be paid at the hourly rate of $375. Both plaintiff and defendant submitted an itemized invoice that defendant had given plaintiff detailing the services he had rendered on behalf of plaintiff in accordance with the retainer, the amount of time spent thereon, and the amounts charged therefor, and indicating that he had applied $1,050 of the retainer fee he had received to the work performed on plaintiff's behalf. When plaintiff terminated defendant's services, she received a refund of $6,450. After the trial, the District Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive [*2]law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
As the record supports the District Court's implicit finding, based, in part, on credibility, that plaintiff did not establish her entitlement to any further refund from defendant, we find no reason to disturb the judgment. Consequently, we conclude that the judgment rendered substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 6, 2023