Stines v Bowins (2024 NY Slip Op 50399(U))

[*1]

Stines v Bowins

2024 NY Slip Op 50399(U)

Decided on March 14, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 14, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2023-53 S C

Lisa Stines, Respondent,
against
Gary Bowins, Appellant, Barbara Bowins, Also Known as Barbara Reingold, Defendant. 

Gary Bowins, appellant pro se.
Lisa Stines, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Sixth District (James F. Matthews, J.), entered June 9, 2022. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,589 against defendant Gary Bowins.

ORDERED that the judgment is modified by reducing the award in favor of plaintiff against defendant Gary Bowins to the principal sum of $1,132.88; as so modified, the judgment is affirmed, without costs.
In this small claims action seeking to recover a $2,950 security deposit on a leased house, the District Court awarded plaintiff the return of her security deposit less $761 for unpaid rent and $600 for damage beyond normal wear and tear, for a total award of $1,589 against defendant Gary Bowins (defendant). Defendant appeals. 
Appellate review of a small claims judgment is limited to determining whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584, 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). The determination of a trial court as to issues of credibility is given substantial deference, as the trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564, 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference to a trial court's credibility determinations applies [*2]with even greater force to judgments rendered in the Small Claims Part of the court, given the limited standard of review (see UDCA 1807; Williams v Roper, 269 AD2d at 126).
At the outset, we note that defendant raises no issue with respect to the adequacy of the $761 setoff for unpaid rent. Upon a review of the record, we find no basis to disturb the District Court's determinations that plaintiff is entitled to the return of her security deposit and that defendant is entitled to a $600 setoff for damage to the property that was beyond normal wear and tear (see Wicklund v Mukhtyar, 55 Misc 3d 152[A], 2017 NY Slip Op 50789[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). However, substantial justice (see UDCA 1804, 1807) requires that defendant be awarded an additional $456.12, representing the amount defendant paid to refill the oil tank after plaintiff failed to do so, as was required of her under the lease.
Defendant's remaining contentions are either without merit or improperly raised for the first time on appeal and, thus, not preserved for appellate review (see Burelle v Gilbert, 9 Misc 3d 127[A], 2005 NY Slip Op 51471[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]).
Accordingly, the judgment is modified by reducing the award in favor of plaintiff against defendant Gary Bowins to the principal sum of $1,132.88.
GARGUILO, P.J., McCORMACK and WALSH, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 14, 2024