Cerna v Goldman (2024 NY Slip Op 50407(U))

[*1]

Cerna v Goldman

2024 NY Slip Op 50407(U)

Decided on March 22, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 22, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JAMES P. McCORMACK, J.P., JERRY GARGUILO, TIMOTHY S. DRISCOLL, JJ

2023-138 N C

Michelle Karen Stefurak Cerna, Appellant,
against
Eric Goldman, Respondent. 

Michelle Karen Stefurak Cerna, appellant pro se.
Eric Goldman, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Third District (Vincent T. Muscarella, J.), entered January 12, 2023. The judgment, insofar as appealed from, after a nonjury trial, dismissed plaintiff's cause of action.

ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
In September 2022, plaintiff commenced this small claims action for property damage allegedly caused by defendant, her adjoining neighbor. Specifically, she sought to recover the sum of $5,000 on the ground that, on June 8, 2021, defendant removed ten juniper trees that were planted along her side of the property line. At a nonjury trial, both parties submitted ample evidence, including photographs, videos, and land surveys. The court reviewed the evidence and ruled that the trees were on defendant's property and that he had the right to remove them. The judgment, insofar as appealed from, dismissed plaintiff's cause of action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their [*2]credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). Upon a review of the record, we find that the judgment, insofar as appealed from, rendered substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807).
Accordingly, the judgment, insofar as appealed from, is affirmed.
McCORMACK, J.P., GARGUILO and DRISCOLL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 22, 2024