Hassan v Guarini (2024 NY Slip Op 51177(U))

[*1]

Hassan v Guarini

2024 NY Slip Op 51177(U)

Decided on August 12, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 12, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JAMES P. McCORMACK, J.P., GRETCHEN WALSH, ELENA GOLDBERG-VELAZQUEZ, JJ

2022-1001 N C

Ibrahim Hassan, Respondent,
against
Rose Guarini and Jeffrey Guarini, Appellants. 

Rose Guarini and Jeffrey Guarini, appellants pro se.
Ibrahim Hassan, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Norman A. Sammut, J.), entered November 15, 2022. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,580 and dismissed defendants' counterclaim.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action against his former landlords to recover his security deposit in the amount of $3,300. Defendants counterclaimed to recover the sum of $5,000, representing the costs to repair alleged damage during plaintiff's tenancy in two different apartments in Rose Guarini's (defendant's) house, including damage caused by plaintiff's installation of a bidet in both apartments.
At a nonjury trial, plaintiff testified that he lived in defendant's house for one year, and that he vacated the house on November 28, 2020. He occupied the basement-level apartment of defendant's house for the first month of his tenancy, and then he moved to the upstairs apartment for the remainder of his tenancy. Plaintiff alleged that he had permission to install the bidet in both apartments. Defendant testified that plaintiff did not have her permission to install the bidet [*2]in either apartment, and that the installation of the bidet resulted in leaks, water damage, and damage to the heating system. During both parties' testimony, photographs and videos were admitted into evidence illustrating the condition of the house. Defendant presented the court with two bills, marked paid, totaling $720 — $300 for repair of the heating system, and $420 for repair of the plumbing in defendant's kitchen and the bathroom sink located in the upstairs apartment. Defendant also submitted a receipt for the purchase of a new stove dated one month after plaintiff moved into her house, a single estimate in the amount of $2,575 for repairs to the bathroom in the downstairs apartment and the upstairs apartment, and a copy of a $2,000 check made out to the contractor who allegedly provided the estimate and performed the work. Following the trial, the District Court awarded plaintiff the principal sum of $2,580, and dismissed defendants' counterclaim. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
"Generally, a security deposit remains the property of the tenant (see General Obligations Law § 7-103 [1]) and must be returned at the conclusion of the tenancy absent proof, for example, that [the] tenant caused damage beyond that attributable to ordinary wear and tear" (Gelbart v Spota, 81 Misc 3d 136[A], 2023 NY Slip Op 51404[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]; see Yafei Li v Dao Ying Gao, 71 Misc 3d 139[A], 2021 NY Slip Op 50478[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). "Where a landlord establishes that the tenant caused such damage, it is the landlord's further burden to establish the reasonable value of the cost to repair the damage" (Trimble v Hughes, 67 Misc 3d 143[A], 2020 NY Slip Op 50742[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; see Pignatello v Dutchess Knolls, Inc., 51 Misc 3d 145[A], 2016 NY Slip Op 50736[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; Mills v Lynch, 48 Misc 3d 131[A], 2015 NY Slip Op 51046[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). "An itemized bill or invoice, receipted or marked paid, or two itemized estimates for services or repairs, are admissible in evidence and are prima facie evidence of the reasonable value and necessity of such services and repairs" (UDCA 1804).
Upon a review of the record, we find that the judgment rendered substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807), as the judgment was based, in part, on the District Court's credibility determinations, which are entitled to substantial deference. Further, contrary to defendant's contention that the District Court did not consider her testimony, the amount of the judgment reflects that the District Court implicitly determined that defendants were entitled to an offset of $720 against [*3]plaintiff's security deposit for repairs to the heating system and plumbing in defendant's kitchen and the upstairs bathroom. As defendant failed to submit "prima facie evidence of the reasonable value and necessity" of the remainder of the repairs that were allegedly performed in her home (UDCA 1804; see Trimble v Hughes, 2020 NY Slip Op 50742[U], *1), there is no reason to disturb the judgment.
Accordingly, the judgment is affirmed.
McCORMACK, J.P., WALSH and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 12, 2024