Bakovic v APR 57 (2025 NY Slip Op 50490(U))

[*1]

Bakovic v APR 57

2025 NY Slip Op 50490(U)

Decided on March 28, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 28, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2023-216 Q C

Jasmina Bakovic, Respondent,
against
APR 57, Appellant. 

APR 57, appellant pro se.
Jasmina Bakovic, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Cassandra A. Johnson, J.), entered January 24, 2023. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $5,000.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff sought to recover the principal sum of $10,000 based on defendant's failure to return a necklace that she had brought to defendant's store for an appraisal. At a nonjury trial, plaintiff appeared pro se and defendant was represented by its "receptionist." Defendant's representative asserted that she was authorized by defendant's owner to appear on defendant's behalf, and alleged that defendant's owner did not appear in court because he had another engagement on that date. 
Plaintiff testified that, on August 13, 2019, she left her necklace at defendant's shop to be appraised after defendant's owner informed her that he believed it was worth approximately $4,500 to $5,000, and agreed to provide her with an appraisal within two hours. She provided her name and identification card to defendant, and was given a receipt. Defendant did not finish the appraisal within two hours, and, on the following day, plaintiff returned to the store to retrieve her necklace. Plaintiff stated that defendant's owner refused to return the necklace to her, and that she eventually left without her property. She claimed that she never received any compensation from defendant for the necklace. She presented various exhibits during the trial, including photographs of the necklace, two estimates of the value of the individual strands of the necklace, and the receipt she was given when she left her necklace at defendant's store to be appraised. 
Defendant's representative stated that plaintiff had been paid $2,500 in cash for the necklace and presented a receipt in support of this allegation. The receipt dated August 15, 2019 presented by defendant's representative, purportedly signed by plaintiff, was a different receipt from the one presented by plaintiff. Defendant's representative claimed that, prior to the [*2]representative's appearance at the last court date, defendant's owner gave her the receipt stating that plaintiff had been paid $2,500 in cash. However, defendant's representative admitted that she was not employed by the store when the receipt was prepared, and that she had no knowledge of where the receipt had been stored. Plaintiff acknowledged that she signed the receipt that she had presented to the court, but she denied signing the receipt that was presented by defendant's representative and claimed that she never returned to defendant's store after August 14, 2019. 
Following the trial, a judgment was entered in the Civil Court (Cassandra A. Johnson, J.) on January 24, 2023 awarding plaintiff the principal sum of $5,000. Defendant appeals on the ground that its representative was not authorized to represent it in court, that the representative was merely supposed to appear to inform the court that defendant's owner was unable to appear due to illness, and that the trial should have been adjourned due to the illness of defendant's owner. Defendant also maintains that the receipt for $2,500 that was presented at trial evidences that "plaintiff was fully compensated."
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). 
Pursuant to CCA 1809 (2), a "corporation may appear in the defense of any small claim action brought pursuant to this article by an attorney as well as by any authorized officer, director or employee of the corporation provided that the appearance by a non-lawyer on behalf of a corporation shall be deemed to constitute the requisite authority to bind the corporation in a settlement or trial." We note that defendant is a corporation, and, indeed, "APR57.COM, INC." is printed on an exhibit annexed to defendant's brief. 
Contrary to defendant's contention, the judgment rendered substantial justice between the parties (see CCA 1804, 1807). Defendant's claim that its representative lacked the authority to represent it in court, and that the matter should have been adjourned due to its owner's illness, is unsupported by the record, as defendant's representative stated at the trial that she was authorized to appear by defendant's owner, and that she had appeared on defendant's behalf on the prior court date. Further, defendant's representative indicated that defendant's owner had another engagement on the trial date, not that defendant's owner was ill. In any event, the representative did not request an adjournment. Defendant has submitted no documentation to substantiate its contention that defendant's owner was ill on the date of the trial. As "the appearance by a non-lawyer [employee] on behalf of a corporation shall be deemed to constitute the requisite authority to bind the corporation in a settlement or trial" (CCA 1809 [2]), it does not appear that defendant's representative lacked the authority to represent defendant at the small claims trial. In any event, even if defendant's representative was unauthorized, a corporation's failure to comply with a statute imposing requirements for its representation does not provide a basis for reversal of a judgment in the adverse party's favor (see generally Jimenez v Brenillee Corp., 48 AD3d 351, 352 [2008]; Mensah v Victory Mitsubishi, 81 Misc 3d 126[A], 2023 NY Slip Op 51207[U], *1 [App Term, 1st Dept 2023]; Bradley v Arthur H. Weber, P.C., 122 Misc 2d 428, 429 [App Term, 2d Dept, 9th & 10th Jud Dists 1983]). 
While plaintiff testified that she never received compensation for the necklace, defendant argues that its receipt, allegedly signed by plaintiff, proves that plaintiff had been fully compensated. However, since plaintiff specifically denied signing that receipt and alleged that she was not even in the store on the date listed on that receipt, and defendant did not produce a witness who was present at the time plaintiff allegedly signed that receipt, we find no basis to disturb the court's credibility determinations in favor of plaintiff (see generally Vizzari v State of [*3]New York, 184 AD2d 564; Kincade v Kincade, 178 AD2d at 511).
Accordingly, the judgment is affirmed.
TOUSSAINT, P.J. and MUNDY, J., concur.
OTTLEY, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 28, 2025