Mill Rd. Realty, Ltd. v Russo (2025 NY Slip Op 50503(U))

[*1]

Mill Rd. Realty, Ltd. v Russo

2025 NY Slip Op 50503(U)

Decided on April 4, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 4, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELENA GOLDBERG-VELAZQUEZ, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2023-1313 W C

Mill Road Realty, Ltd., Respondent,
against
Michael Russo, Appellant. 

Michael Russo, appellant pro se.
Mill Road Realty, Ltd., respondent pro se.

Appeal from a judgment of the City Court of White Plains, Westchester County (John P. Collins, Jr., J.), entered November 6, 2023. The judgment, insofar as appealed from and as limited by the brief, after a nonjury trial, dismissed defendant's counterclaim.

ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the City Court for a new trial of defendant's counterclaim.
Plaintiff commenced this commercial claims action against its tenant seeking to recover damages based on an alleged breach of a lease. Insofar as is relevant to this appeal, the complaint sought $400, $200 each for a stove and a refrigerator that defendant disposed of without plaintiff's consent. Defendant interposed a counterclaim in the amount of $2,673 for a "refund on defective merchandise."
At a nonjury trial, defendant admitted that he had disposed of the appliances without consent and testified that the basis for his counterclaim was that he paid $2,673 to replace the refrigerator and stove at issue, in addition to a vanity. He attempted to argue that the condition of the appliances, including that the gas traveling arm was rusted off and disconnected from the stove, coupled with plaintiff's refusal to address his concerns, constituted a breach of the warranty of habitability and, thus, that he was entitled to dispose of the appliances. Defendant requested to submit photos and testify based on his employment as a contractor regarding the dangerous condition of the appliances. The City Court (John P. Collins, Jr., J.) denied defendant's request and, stating that defendant's unilateral decision to dispose of the appliances [*2]without authorization from plaintiff constituted a breach of the lease, dismissed defendant's counterclaim. A judgment was entered on November 6, 2023 which, insofar as appealed from and as limited by the brief, dismissed the counterclaim.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807-A [a]; see CCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Commercial Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
A landlord is required to maintain a residential property in a habitable condition and in accord with the uses reasonably intended by the parties, and "the occupants of such premises shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety" (Real Property Law § 235-b [1]; see Park W. Mgt. Corp. v Mitchell, 47 NY2d 316 [1979]). A reasonable person would expect their stove and refrigerator to be in working order (cf. Ulukaya v Pan Am Equities, 67 Misc 3d 128[A], 2020 NY Slip Op 50396[U] [App Term, 1st Dept 2020]; In re Prime Residential Brooklyn IV, LLC, 2003 NY Slip Op 51134[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2003]). Here, the City Court failed to make any findings with respect to defendant's counterclaim for, in effect, breach of the warranty of habitability. Defendant offered to show photos as well as provide testimony as to the dangerous and hazardous condition of the appliances and plaintiff's lack of response to defendant's complaints but the City Court refused to admit such evidence. "Reversal of a judgment based upon the improper exclusion of evidence is warranted when, had such evidence been admitted, it may have had a substantial influence upon the result of the trial"(Platovsky v City of New York, 275 AD2d 699, 700 [2000]; see Atif v Disapio, 63 Misc 3d 134[A], 2019 NY Slip Op 50472[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). Under the circumstances, substantial justice requires a new trial of defendant's counterclaim (see CCA 1804-A, 1807-A [a]).
Accordingly, the judgment, insofar as appealed from, is reversed and the matter is remitted to the City Court for a new trial of defendant's counterclaim.
GOLDBERG-VELAZQUEZ, J.P., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 4, 2025